FEDERAL LAND BANK OF BALTIMORE, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE AGUADILLA, recurrido.

Núm. 1153.—*Sometido:* Noviembre 6, 1944. *Resuelto:* Noviembre 27, 1944.

*Frank Martínez, S. García Díaz y M. A. García del Rosario,* abogados del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

En un procedimiento de quiebra ante la Corte de Distrito de los Estados Unidos para Puerto Rico y en subasta pública se vendieron y adjudicaron al Federal Land Bank ciertas propiedades inmuebles libres de toda carga o gravamen, habiéndose ordenado por el Juez de Quiebras la cancelación de dos contratos refaccionarios y de dos hipotecas inscritas como gravámenes posteriores a la hipoteca del Banco en el Registro de la Propiedad de Aguadilla. El registrador denegó la cancelación de los gravámenes "por entender que ha debido acreditarse en este Registro la manera en que fué emplazado el acreedor . . . a los efectos de determinar la jurisdicción de la corte, tomando en su lugar anotación preventiva por ciento veinte días".

En la orden dictada por el Juez de Quiebras se hace constar lo siguiente:

"WHEREAS, said junior lienholders *were made party creditors in the above bankruptcy proceedings and were served with notice of the public sale held by order of this Court.* The mortgages in favor of the United States of America and María Marchese Vivó, as well as the crop lien contracts in favor of Central Pellejas, referred to under farms marked 'B', 'C' and 'D', were junior liens to the mortgage in favor of the Federal Land Bank of Baltimore, under which the favorable bid in favor of said bank was credited; and the mortgages in favor of the United States of America and María Marchese Vivó, referred to under farm marked 'A' were also junior liens to the

mortgage in favor of The Federal Land Bank of Baltimore, which mortgage has been fully paid with the proceeds of the sale to José M. Vélez Hernández of said farm marked 'A'.'' (Bastardillas nuestras).

██ Somos de opinión que no compete ni al registrador de la propiedad ni a las cortes insulares revisar los procedimientos de una corte de quiebras federal tratando de ajustarlos a los procedimientos insulares. Lo más que puede hacer el registrador es determinar si, dentro del procedimiento federal, se ha cumplido con la Ley de Quiebras en cuanto a la forma de citar a las partes interesadas. Apareciendo de la orden dictada por el Juez de Quiebras que a los acreedores posteriores se les hizo partes en los procedimientos de quiebra y que fueron notificados de la subasta pública se cumplió con la sección 58 de la Ley de Quiebras que dispone lo siguiente:

"NOTICES:—Creditors shall have at least 10 days' notice by mail to their respective addresses as they appear in the list of creditors of the bankrupt, or as afterward filed with the papers in the case by the creditors, of (1) all examinations of the bankrupt, if the Court so directs; (2) all hearings upon applications for the confirmation of arrangements and wage earner plans; (3) all meetings of creditors; (4) all proposed sale of property."

Arguye el registrador recurrido que su objeción en este caso "no es de fondo sino de forma", pero insiste en que se le demuestre "que la persona cuyo derecho aparece inscrito en el Registro y cuya extinción ahora se decreta fué claramente *emplazada y notificada* de la naturaleza y alcance del procedimiento de quiebra, a fin de que comparezca a defender sus derechos" y cita varios casos en los cuales este Tribunal interpreta el último párrafo del artículo 171 del Reglamento Hipotecario [1] en relación con la constancia de

---

(1) "Cuando en las certificaciones del Registro de la Propiedad consten los domicilios de las personas interesadas en las responsabilidades que se hubieran inscrito después del derecho del actor, el Juez mandará, a la vez que el requerimiento de pago, que se intente la notificación del auto a dichas personas interesadas en aquellos domicilios si en ellos fueren habidas."

la notificación del escrito inicial en un procedimiento sumario hipotecario a las acreedores posteriores. Esos casos no son aplicables al caso de autos, primero porque no se trata aquí de una ejecución de hipoteca por la vía sumarísima y segundo, porque apareciendo de la orden del Juez de Quiebras que los acreedores posteriores fueron hechos partes en el procedimiento y debidamente notificados de la subasta, prima facie dicha corte actuó con jurisdicción sin que sea necesario acreditar ante el Registrador "la manera" en que fueron emplazados dichos acreedores.

*Deben revocarse las notas recurridas debiendo el Registrador proceder a efectuar las cancelaciones ordenadas.*